Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel: (970) 245-9075
Fax: (970) 245-8086
E-mail: chris@harmonseidman.com

Robert W. Crockett (SBN 79918)
Harmon & Seidman LLC
33 Spindrift Passage
Corte Madera, California 94925
Tel: (415) 945-1830
E-mail: robert@harmonseidman.com

*Attorneys for Plaintiff Minden Pictures, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MINDEN PICTURES, INC., <br><br>       Plaintiff, <br><br> v. <br><br> JOHN WILEY & SONS, INC., <br><br>       Defendant. | Case No. C 12-04601 EMC <br><br> Date:     May 9, 2013 <br> Time:    1:30 p.m. <br> Courtroom: 5, 17th Floor |

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND
AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................1

II.  STATEMENT OF RELEVANT FACTS ....................................................................2

A.   Before Minden issued licenses to Wiley, the contributing Photographers granted Minden the right to authorize reproduction, distribution and display of the images. ................................2

B.   Wiley licensed the images it infringed directly from Minden, not from Minden's contributing Photographers. ................................................................................4

C.   Minden has co-ownership of the copyrights in the images along with the right to sue for accrued copyright claims. ................................................................................4

1.   Before this action was filed, the Photographers assigned co-ownership of their copyrights and the right to sue for accrued claims to Minden.................................................4

2.   Minden recently obtained updated copyright assignments. ................................5

D.   Minden's suit against Pearson Education, Inc. recently concluded in the District Court with a summary judgment for Pearson and is now on appeal.................................................6

E.   There was no delay in producing the Agency Agreements in discovery in the present case. 10

III. LEGAL STANDARD................................................................................................10

IV.  ARGUMENT................................................................................................12

A.   Collateral estoppel applies only with respect to issues that were actually litigated in a prior action.................................................................................................12

1.   An owner of any "exclusive right" has standing to sue. ................................13

2.   Minden obtained "exclusive rights" from the Photographers and owned them at the time of Wiley's infringements. ................................................................................15

3.   Minden is not barred from relying on the Agency Agreements to support standing in this case simply because Judge Alsup issued a preclusion order in the *Pearson* action. ................16

i

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

B.   In light of Judge Alsup's ruling in the *Pearson* action, Minden recently obtained updated Copyright and Accrued Causes of Action Assignments from the contributing Photographers. These updated assignments supplement the original copyright assignments that Judge Alsup found insufficient, and confer standing on Minden for reasons that were not addressed in the *Pearson* case. .................................................................................................................. 18

    1.   The Updated Copyright Assignments address Judge Alsup's concerns. .......................... 18

    2.   A defect in standing in a copyright infringement action due to the insufficiency of an assignment may be cured and will relate back to the filing of the Complaint. ......................... 20

    3.   The Updated Copyright Assignments independently confer standing on Minden. ........... 21

V.   CONCLUSION .............................................................................................................. 23

ii

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971 (2d Cir. 1991) .......................... 22, 23

*Augustine v. U.S.*, 704 F.2d 1074 (9th Cir. 1983) ............................................................. 10

*Bell v. Hood*, 327 U.S. 678 (1946) ................................................................................. 11

*Co-opportunities, Inc. v. National Broadcasting Co., Inc.*, 510 F.Supp. 43 (N.D. Cal. 1981) ... 20, 21

*Davis & Cox v. Summa Corp.*, 751 F.2d 1507 (9th Cir. 1985) ........................................... 12

*Garth v. Astrue*, 2013 WL 257090 (N.D. Cal. 2013) ....................................................... 10

*Giddings v. Vision House Production, Inc.*, 584 F.Supp.2d 1222 (D. Ariz. 2008) .................. 23

*In re Daily*, 47 F.3d 365 (9th Cir. 1995) ................................................................... 17, 18

*McGraw v. U.S.*, 281 F.3d 997 (9th Cir. 2002) .............................................................. 10

*Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154 (9th Cir. (1988) .......................... 12

*Oddo v. Ries*, 743 F.2d 630 (9th Cir. 1984) .................................................................. 14

*Oracle Corp. v. SAP AG*, 734 F.Supp.2d 956 (N.D. Cal. 2010) ......................................... 23

*Oskar Systems, LLC v. Club Speed, Inc.*, 745 F.Supp.2d 1155 (C.D. Cal. 2010) ................... 13

*Roberts v. Corrothers*, 812 F.2d 1173 (9th Cir. 1987) ............................................... 10, 11

*Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005) ........... 13, 14, 15, 22

**Statutes**

17 U.S.C. § 101 ........................................................................................................ 13

17 U.S.C. § 106 .................................................................................................. passim

17 U.S.C. § 201(d) .................................................................................................. 14

17 U.S.C. § 411 ...................................................................................................... 13

17 U.S.C. § 501(b) ......................................................................................... 13, 15, 16

**Rules**

Federal Rule of Civil Procedure 12(b)(1) .................................................................... 10

Federal Rule of Civil Procedure 12(b)(6) ...................................................... 11

Federal Rule of Civil Procedure 37 ............................................................... 17

**Treatises**

1-6 Nimmer on Copyright § 6.01 ................................................................. 14

3-12 Nimmer on Copyright § 12.02[C] .................................................... 13, 21

Plaintiff Minden Pictures, Inc. ("Minden") files this memorandum in opposition to the Motion to Dismiss Plaintiff's Complaint filed by Defendant John Wiley & Sons, Inc. ("Wiley").[1]

## I.  INTRODUCTION

This is an action for copyright infringement resulting from the use of copyrighted photographs by a textbook publisher (Wiley) in excess of limited licenses it was granted by a stock photography agency (Minden).  Wiley moves to dismiss, claiming the Court does not have subject matter jurisdiction.  Wiley asks the Court to apply "well-established principles of collateral estoppel," asserting that in a different case not involving Wiley, *Minden Pictures, Inc. v. Pearson Education, Inc.*,[2] Judge William Alsup "held, as a matter of law, that Minden does not have such standing because the copyright assignment agreements upon which Minden bases its standing are, in fact, sham agreements and not valid transfers of copyright ownership."[3]  Leaving aside Minden's contention that Judge Alsup's ruling, which is now on appeal, was incorrect, Wiley's motion should be denied because Minden's standing in this unrelated action is based on two independent grounds that were not addressed in Judge Alsup's ruling.

First, before Minden licensed the images to Wiley, the contributing photographers executed agency agreements granting Minden three of the "exclusive rights" set forth in 17 U.S.C. § 106: the rights to authorize reproduction of the images and to authorize the distribution and display of copies of the images to the public.  Thus, as an owner of "exclusive rights" at the time when Wiley's acts of infringement occurred, Minden has standing to bring this action.  Judge Alsup did not consider this contention in the *Pearson* action for purely procedural reasons that are not present here.

---

[1] Document 31.

[2] Case No. C-11-05385-WHA (N.D. Cal.) (Alsup, J.) ("the *Pearson* action").

[3] Defendant Wiley's Memorandum of Points and Authorities in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) ("Wiley's Memorandum"), included in Doc. 31, at 8:7-9.  Except where indicated, citations to page numbers in this memorandum are to the ECF page numbers at the top of the cited documents.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Second, in light of Judge Alsup's ruling in the *Pearson* action, Minden recently obtained updated Copyright and Accrued Causes of Action Assignments from the contributing photographers. These assignments expressly state that they are intended to vest in both parties a co-ownership interest in the copyrights to the images and include the right of both Minden and the photographer to authorize copying, distribution and display of the images to the public. These updated assignments supplement the original copyright assignments that Judge Alsup found insufficient to support standing and confer standing on Minden for reasons that were not addressed in Judge Alsup's ruling.

This is not a case in which Wiley obtained licenses directly from the photographers. All of the claims in suit are based on licenses issued to Wiley by Minden. Wiley's copyright infringements are the result of its uses of the images in suit beyond the scope of the permission Minden, as an agent for the contributing photographers, granted Wiley. The Copyright Act expressly contemplates that the resulting copyright infringement action could be filed by Minden rather than by each of the individual photographers, with whom Wiley had no business dealings.

## II. STATEMENT OF RELEVANT FACTS

Minden Pictures is a Watsonville, California stock photography agency in the business of licensing images to publishers, including Wiley.[4] In its licensing activities, Minden acts as the agent for the photographers who created the images.[5]

### A. Before Minden issued licenses to Wiley, the contributing Photographers granted Minden the right to authorize reproduction, distribution and display of the images.

Before issuing licenses to Wiley, Minden entered into agency agreements ("Agency Agreements") with the Photographers listed in Exhibit 1 to the Complaint[6] ("the Photographers")

---

[4] Declaration of Richard L. Minden in Opposition to Defendant John Wiley & Sons, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Minden Declaration") at 1:19-24.

[5] Minden Declaration at 2:3-6.

[6] The Complaint, including Exhibit 1, is Doc. 1.

or their representatives.[7]  The Agency Agreements granted Minden three of the exclusive rights set forth in 17 U.S.C. § 106, authorizing Minden to sell licenses to publishers allowing them to reproduce, distribute and display the Photographers' copyrighted images to the public.[8]  For example, the Agency Agreement between Minden and Photographer Bob Barbour provides:

**AUTHORIZATION:**

**2.1**  Photographer, appoints [Minden] as sole and exclusive agent and representative with respect to the Licensing of any and all uses of Images in the Territory.  Photographer agrees not to place Images, with any agent, agency, or selling medium except [Minden].  Photographer and/or his representatives shall not issue any Licenses to any Images, except as provided under this Agreement.

**2.2**  Photographer grants [Minden] the right with respect to Images to create derivative New Media products and programming.

**2.3**  Photographer grants Agency the right to appoint and contract with sub-agents regarding Licensing of Images in the Territory.  Agency shall also have the unrestricted, exclusive right to distribute, License and/or exploit the Images in the Territory through [Minden] without seeking special permission to do so from Photographer except as otherwise provided in this Agreement.  Photographer agrees that all Images are available for unrestricted, exclusive, distribution, promotion and Licensing in the Territory by [Minden] except as otherwise provided in this Agreement.  Photographer will insure that no other parties will License reproduction rights to any images which are identical to any Images.

**2.4**  All negotiations concerning Licensing of Images by [Minden] shall be at [Minden]'s sole discretion without prior consultation with the Photographer, except as provided under this Agreement. . . .[9]

---

[7] Minden Declaration at 2:3-7  Copies of the Agency Agreements are attached to the Minden Declaration as Exhibits 1-1 through 1-9.

[8] Minden Declaration at 2:8-10; Exhibits 1-1 through 1-9.  17 U.S.C. § 106 sets forth the exclusive rights under a copyright, including the following:  "[T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following:  (1) to reproduce the copyrighted work in copies . . .  (3) to distribute copies . . . of the copyrighted work to the public . . . (5) . . . to display the copyrighted work publicly . . ."

[9] Photographer's Agency Agreement for the Licensing of Stock Photographs between Bob Barbour and Minden, Exhibit 1-1 to the Minden Declaration at p. 2.

3

Similarly, the Agency Agreement between Minden and Photographer Carr Clifton provides:

> **2. AUTHORIZATION:** Carr Clifton appoints [Minden] as his sole and exclusive agent and representative in respect to the licensing of his images worldwide, agreeing not to place his images with any other agent, agency or library. . . . All negotiations concerning licensing of Photographer's images by [Minden] shall be at [Minden]'s discretion without prior consult[at]ion with the Photographer . . .[10]

**B.      Wiley licensed the images it infringed directly from Minden, not from Minden's contributing Photographers.**

The claims in suit are based on images directly licensed to Wiley by Minden. Wiley's copyright infringements in this action are the result of its uses of the images in suit beyond the scope of the permission Minden, acting with authority from its contributing photographers, granted Wiley.[11]

**C.      Minden has co-ownership of the copyrights in the images along with the right to sue for accrued copyright claims.**

**1.      Before this action was filed, the Photographers assigned co-ownership of their copyrights and the right to sue for accrued claims to Minden.**

Before filing this action Minden entered into a Copyright Assignment, Accrued Causes of Action, and Litigation Agreement (collectively, "Original Copyright Assignments") with each of the Photographers, or their representatives.[12] The Original Copyright Assignments granted Minden co-ownership of all copyrights in the images and assigned to Minden the right to sue on any accrued or later accruing copyright infringement claims.[13] For example, the Original Copyright Assignment executed by Photographer Bob Barbour (which is substantially identical to the other Original Copyright Assignments) provides:

---

[10] Photographer's Agency Agreement for the Leasing or Licensing of Stock Photographs between Carr Clifton and Minden, Exhibit 1-_ to the Minden Declaration at p. 9.

[11] Minden Declaration at 2:11-17.

[12] Minden Declaration at 2:18-23. Copies of the Original Copyright Assignments are attached to the Minden Declaration as Exhibit 2.

[13] Minden Declaration at 2:18-23; Exhibit 2 to the Minden Declaration.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

The undersigned, the sole owner of the copyrights in the undersigned's images ('the Images') selected by Minden Pictures, Inc. ('Agency') and included in its collection, hereby assigns to Agency co-ownership of all copyrights in the Images. This assignment authorizes Agency, in its sole discretion, to present, litigate and settle any accrued or later accruing claims, causes of action, choses in action – which is the personal right to bring a case – or lawsuits, brought by Agency to address unauthorized uses of the Images by licensees of Agency, as if Agency were the undersigned. Agency agrees to reassign its co-ownership of the Images back to the undersigned immediately upon the conclusion of any such litigation.

Any proceeds obtained by settlement or judgment for said claims shall, after deducting all costs, expenses and attorney's fees, be divided as provided in the Photographer's Agency Agreement.[14]

### 2. Minden recently obtained updated copyright assignments.

In light of the Court's ruling in the *Pearson* action discussed below, Minden recently obtained updated Copyright and Accrued Causes of Action Assignments ("Updated Copyright Assignments") from the contributing Photographers.[15] These assignments expressly state that they are intended to vest in both parties a co-ownership interest in the copyrights to the images and include the right of both Minden and the Photographer to authorize copying, distribution and display of the images to the public. For example, the Updated Copyright Assignment executed by Photographer Bob Barbour (which is substantially identical to the other Updated Copyright Assignments) provides:

This agreement memorializes the relationship between the undersigned parties and governs all photographic images authored by the undersigned photographer ("Photographer") that have been included in the collection of Minden Pictures, Inc. ("Minden") and licensed by Minden to John Wiley & Sons, Inc. ("Wiley"), including those to which Photographer holds the copyrights and those to which co-ownership of the copyrights was previously assigned to Minden ("the Images").

[14] Copyright Assignment, Accrued Causes of Action, and Litigation Agreement executed by Photographer Bob Barbour, Exhibit 2 to the Minden Declaration at p. 4.

[15] Minden Declaration at 2:24 - 3:5. Copies of the Updated Copyright Assignments are attached to the Minden Declaration as Exhibit 3.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Photographer hereby assigns to Minden co-ownership of the copyrights in the Images not previously assigned to Minden. Minden hereby assigns to Photographer co-ownership of the copyrights in the Images previously assigned to Minden. These assignments are intended to vest in both parties a co-ownership interest in the copyrights to the Images. These assignments include the right of both parties to authorize the reproduction of the Images in copies and the right to authorize the distribution and display of copies of the Images to the public, and affirms Photographer's prior assignment of these rights to Minden effective the date the Images were included in Minden's collection.

Photographer assigns to Minden all rights, title and interest in any accrued or later accruing claims, causes of action, choses in action – which is the personal right to bring a case – or lawsuits brought against Wiley to enforce copyrights in the Images. This assignment authorizes Minden, in its sole discretion, to present, litigate and settle any claims against Wiley relating to unauthorized uses of the Images.

Any proceeds obtained by settlement or judgment for said claims shall, after deducting costs, expenses of litigation and attorneys' fees, be divided as provided in Photographer's agency agreement with Minden.[16]

### D. Minden's suit against Pearson Education, Inc. recently concluded in the District Court with a summary judgment for Pearson and is now on appeal.

Minden filed a copyright infringement action against Pearson Education, Inc. in this Court in 2011.[17] The allegations are similar to those in the present action. Pearson moved to dismiss based in part on its contention that Minden lacked standing to sue.[18] The Court denied the motion to dismiss.[19] The Court's order noted that in the Second Amended Complaint:

[16] Copyright and Accrued Causes of Action Agreement executed by Photographer Bob Barbour, Exhibit 3 to the Minden Declaration at p. 2.

[17] Case No. C-11-05385-WHA (N.D. Cal.) (Alsup, J.) ("the *Pearson* action"). There are 133 contributing photographers whose images are involved in the *Pearson* action. Thirty-two of those photographers also have images involved in the present action. There are four photographers whose images are involved in the present action who do not have images involved in the *Pearson* action. Declaration of Robert W. Crockett in Opposition to Defendant John Wiley & Sons, Inc.'s Motion to Dismiss Plaintiff's Complaint ("Crockett Declaration") at 1:23 - 2:2. Thus, Wiley's assertion in its memorandum (at 9:9-10) that "the ***very same*** photographers, agreements, and assignments" are at issue in the *Pearson* action and the present action is incorrect. (Boldface italics in original.)

[18] Defendant Pearson Education, Inc. Motion to Dismiss Second Amended Complaint and Memorandum in Support Thereof, Doc. No. 33 in the *Pearson* action, Exhibit 4 to the Crockett

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Minden claims to be 'co-owner of the exclusive rights enumerated in 17 U.S.C. § 106, including, but not limited to, the right to authorize reproduction, distribution, and display of the Photographs. Minden also has, by assignment, the sole right to bring and resolve accrued and later accruing claims' (Second Amd. Compl. ¶ 7).[20]

The Court considered the Copyright Assignments that were attached to the Second Amended Complaint. On the issue of standing/copyright ownership, the Court concluded:

Under the Copyright Act, '[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right . . . .' 17 U.S.C. 501(b). The ownership of a copyright 'may be transferred in whole or in part by any means of conveyance.' 17 U.S.C. 201(d). Thus, exclusive rights in a copyright may be transferred and owned separately. *Silvers* [*v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881 (9th Cir. 2005)], 402 F.3d at 885.

Minden alleges that it is co-owner of the exclusive rights of reproduction, distribution, and display of the photographs, and has appended assignment agreements showing that the photographers assigned to Minden co-ownership of the copyrights in the images, along with the right to sue for any accrued copyright claims. This is sufficient to show that Minden has exclusive rights in the photographs, and thus has standing to maintain this action.[21]

On March 5, 2013, the Court granted summary judgment, however, based on Judge Alsup's conclusion that Minden lacks standing to sue.[22] In opposing Pearson's summary judgment motion, Minden contended that it has standing on two independent grounds: First, before Minden licensed the images to Pearson, the contributing photographers executed agency agreements granting

---

Declaration.

[19] Order Denying Motion to Dismiss and Vacating Hearing, Doc. No. 39 in the *Pearson* action. A copy is attached as Exhibit 5 to the Crockett Declaration.

[20] *Id.* at 2:22-26. References to this Order use the Court's original pagination.

[21] *Id.* at 5:6-15.

[22] Order Granting Defendant's Motion for Summary Judgment ("*Pearson* Summary Judgment Order"), Doc. 76 in the *Pearson* action, ___ F.Supp.2d ___, 2013 WL 812412 (N.D. Cal. 3/5/13), a copy of which is attached as Exhibit 2 to the Declaration of Michael Beylkin in Support of Defendant's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. Rule 12(b)(1) ("Beylkin Declaration," Doc. 32 in the present action), Doc. 32-10 in the present action.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Minden the "exclusive rights" set forth in 17 U.S.C. § 106 to authorize reproduction of the images and the right to authorize the distribution of copies of the images to the public. Second, before filing suit against Pearson, Minden obtained from the contributing photographers assignments of co-ownership of the copyrights along with the right to sue for any accrued copyright infringement claims.[23]

Judge Alsup expressly declined to consider the agency agreements because they were not attached to the Second Amended Complaint, they were not identified in Minden's Rule 26(a)(1) disclosures until those disclosures were supplemented during the discovery period, and they were not produced in discovery as early as he felt they should have been.[24] His order found that Minden was precluded from relying on the agency agreements because "Minden made a strategic choice at the outset of this litigation not to disclose the agency agreements and instead to rely solely on the assignment agreements."[25]

---

[23] Plaintiff Minden Pictures, Inc.'s Memorandum of Points and Authorities in Opposition to Defendant Pearson Education, Inc.'s Motion for Summary Judgment, Doc. 67 in the *Pearson* action, a copy of which is attached to the Crockett Declaration as Exhibit 6; Plaintiff Minden Pictures, Inc.'s Surreply in Opposition to Defendant Pearson Education, Inc.'s Motion for Summary Judgment, Doc. 78 in the *Pearson* action, a copy of which is attached to the Crockett Declaration as Exhibit 7.

[24] *Pearson* Summary Judgment Order, Doc. 32-10 in the present action, at 2-7.

[25] *Id.* at 6:10-13. There was no such strategic choice. Minden's counsel did not include Minden's agency agreements with the contributing photographers among the documents identified in Minden's Initial Rule 26(a)(1) Disclosures because at that time Minden's counsel did not appreciate their relevance to establish standing and did not intend to rely on them for any other purpose. In Minden's opposition to Pearson's motion to dismiss, Minden relied on the Copyright Assignment, Accrued Causes of Action, and Litigation Agreements by which the contributing photographers granted Minden co-ownership of the copyrights and assigned to Minden the right to sue on accrued causes of action. Judge Alsup denied Pearson's motion to dismiss on that basis. On January 21, 2013, Pearson for the first time specifically requested production of the agency agreements between Minden and the photographers. On January 22, 2013, without waiting for Minden's response to Pearson's counsel's request for production of the agency agreements, Pearson filed its summary judgment motion, well in advance of the April 30, 2013 close of non-expert discovery and the June 6, 2013 deadline for filing dispositive motions. In preparing Minden's opposition to Pearson's summary judgment motion, Minden's counsel realized for the first time that Minden's agency agreements with the contributing photographers constituted an independent basis to establish standing, in addition to the Copyright Assignment,

With respect to the copyright assignments, Judge Alsup concluded they were "disguised assignment[s] of a cause of action" that failed to confer standing on Minden.[26] His order noted that "the copyright assignment terminates automatically upon conclusion of any litigation with the reassignment of 'co-ownership' back to the copyright owners."[27] He found that the copyright assignments were not "reasonably susceptible of the interpretation that they transferred legal title in the underlying copyrights to Minden."[28] Judge Alsup concluded that "the copyright assignments were not intended to be broad grants of co-ownership of legal title." Rather, according to Judge Alsup, "the sole purpose and use of the assignment was as a vehicle for bringing suit."[29]

Minden has appealed from the summary judgment.[30]

---

Accrued Causes of Action, and Litigation Agreements the Court had previously ruled were sufficient. Accordingly, Minden's counsel began assembling and preparing for production the agency agreements they already had and obtaining additional agency agreements from Minden. Minden's counsel produced agency agreements to Pearson's counsel on January 30, January 31, February 1, February 4, February 5, February 6 and February 12, 2013. On February 15, 2013, Minden's counsel served Supplemental Rule 26(a)(1) Disclosures, which, among other things, added the agency agreements to the list of documents Minden intended to use to support its claims. Minden's counsel did not produce Minden's agency agreements with the contributing photographers earlier, and did not include them among the documents identified in Plaintiff's Rule 26(a)(1) Disclosures earlier, because until Pearson specifically requested their production on January 21, 2013, and until Minden's counsel prepared Minden's opposition to Pearson's summary judgment motion filed January 22, 2013, Minden's counsel did not appreciate their relevance to establish standing and did not intend to rely on them for any other purpose. Minden's counsel never made any intentional misrepresentation to Pearson's counsel or to the Court regarding Minden's agency agreements with the contributing photographers, the relevance of those agreements to the standing issue, or with respect to any other matter. Declaration of Robert W. Crockett in Response to Order Requesting Information, Doc. 71 in the Pearson action, a copy of which is attached as Exhibit 8 to the Crockett Declaration in this action, at 2:17 - 6:11.

[26] *Id.* at 7-11.

[27] *Id.* at 9:7-9.

[28] *Id.* at 10:14-16.

[29] *Id.* at 11:4-6 (italics omitted).

[30] Plaintiff Minden Pictures, Inc.'s Notice of Appeal to the United States Court of Appeals for the Ninth Circuit, filed March 21, 2013, Doc. 79 in the *Pearson* action, a copy of which is attached as Exhibit 9 to the Crockett Declaration.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

**E.     There was no delay in producing the Agency Agreements in discovery in the present case.**

In the present case, there was no delay in producing the Agency Agreements; they were produced with Minden's initial batch of documents on March 15, 2013, four days *before* Wiley produced its initial batch of documents on March 19, 2013.[31]

## III.     LEGAL STANDARD

"Ordinarily, where a jurisdictional issue is separable from the merits of a case, the court may determine jurisdiction by the standards of a Rule 12(b)(1) motion to dismiss for lack of jurisdiction."[32]  The Ninth Circuit held in *Augustine v. U.S.*, however, that "where the jurisdictional issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits, the jurisdictional determination should await a determination of the relevant facts on either a motion going to the merits or at trial."[33]

> In ruling on a jurisdictional motion involving factual issues which also go to the merits, the trial court should employ the standard applicable to a motion for summary judgment, as a resolution of the jurisdictional facts is akin to a decision on the merits.  Therefore, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law.  Unless that standard is met, the jurisdictional facts must be determined at trial by the trier of fact.[34]

---

[31] Crockett Declaration at 2:22-24.  In addition, on March 8, 2013 Minden served Supplemental Rule 26(a)(1) Disclosures adding the Agency Agreements to the list of documents that may be used to support Minden's claims.  Crockett Declaration at 2:24 - 3:1; Exhibit 10 to the Crockett Declaration.

[32] *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

[33] 704 F.2d 1074, 1077 (9th Cir. 1983); *accord*, *McGraw v. U.S.*, 281 F.3d 997, 1001 (9th Cir. 2002).

[34] *Id.* (citations omitted); *see also Garth v. Astrue*, 2013 WL 257090, *3 (N.D. Cal. 2013) (Rogers, J.) ("the existence of disputed material facts will not preclude a trial court from evaluating for itself the merits of jurisdictional claims, except where the jurisdictional and substantive issues are so intertwined that the question of jurisdiction is dependent on the resolution of factual issues going to the merits.").

10

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Dismissal is appropriate only "where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[35]

> This standard, often cited in Rule 12(b)(6) motions, . . . is equally applicable in motions challenging subject matter jurisdiction when such jurisdiction may be contingent upon factual matters in dispute.
>
> A limited threshold inquiry of this sort is consistent with our view that [j]urisdictional dismissals in cases premised on federal-question jurisdiction are exceptional, and must satisfy the requirements specified in *Bell v. Hood*. In *Bell v. Hood*, the Supreme Court held that such dismissals are permitted where the alleged claim under the constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining federal jurisdiction or where such claim is wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)[.] . . .
>
> If a district court cannot determine jurisdiction on the basis of a threshold inquiry analogous to a 12(b)(6) motion, the court may assume jurisdiction and go on to determine the relevant jurisdictional facts on either a motion going to the merits or at trial.[36]

Here, the jurisdictional issue – Minden's standing to maintain this action – is identical to a substantive issue in the case. The Court could not conclude that it lacks subject matter jurisdiction because Minden lacks standing without also concluding that Minden is not entitled to recover for copyright infringement because it lacks standing. Thus, the jurisdictional issue and a key substantive issue are intertwined, and the question of jurisdiction is dependent on the resolution of a factual issue going to the merits. Therefore, Wiley's motion should be denied unless the Court finds that the material jurisdictional facts are not in dispute and concludes that Wiley is entitled to prevail as a matter of law.

---

[35] *Roberts v. Corrothers*, *supra*, 812 F.2d at 1077 (internal quotation marks omitted).

[36] *Id.* (internal quotation marks omitted).

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

# IV.  ARGUMENT

## A.  Collateral estoppel applies only with respect to issues that were actually litigated in a prior action.

In *Pearson*, Judge Alsup did not consider the effect of the Agency Agreements, through which Minden obtained from the Photographers ownership of three "exclusive rights" under 17 U.S.C. § 106, the right to authorize reproduction, display and distribution of the images to the public.  This gives Minden standing to prosecute this action.  Since this issue was never litigated in the *Pearson* action, it cannot estop Minden from standing in the instant case.

The Ninth Circuit explained the application of collateral estoppel in *Davis & Cox v. Summa Corp.*:

> Collateral estoppel precludes relitigation of issues actually litigated and necessarily determined by a court.  The party asserting the estoppel bears the burden of pleading and proving what issues were decided in his favor in the previous action.

> If a court does not make specific findings, the party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action.  Necessary inferences from the judgment, pleadings and evidence will be given preclusive effect.  If there is doubt, however, collateral estoppel will not be applied.  If the decision could have been rationally grounded upon an issue other than that which the defendant seeks to foreclose from consideration, collateral estoppel does not preclude relitigation of the asserted issue.[37]

In ruling on the summary judgment motion in the *Pearson* action, Judge Alsup expressly declined to consider the agency agreements.  He found that Minden was precluded from relying on the agency agreements because "Minden made a strategic choice at the outset of this litigation not to disclose the agency agreements and instead to rely solely on the assignment agreements."[38]

---

[37] 751 F.2d 1507, 1518-1519 (9th Cir. 1985) (citations omitted) (*superseded by statute on other grounds as stated in Northrop Corp. v. Triad Int'l Mktg. S.A.*, 842 F.2d 1154, 1156 [9th Cir. 1988]).

[38] *Pearson* Summary Judgment Order, Doc. 32-10 in the present action, Exhibit 2 to the Beylkin Declaration, at 6:10-13.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Thus, the Court did not address Minden's contention that it has standing to sue for copyright infringement for the independent reason that it owned "exclusive rights" under 17 U.S.C. § 106 at the time of the alleged infringements. Accordingly, the premise of Wiley's motion to dismiss – that Minden's standing depends entirely on copyright assignments that Judge Alsup held were insufficient – is incorrect. The effect of the agency agreements between Minden and the contributing photographers on Minden's standing to sue was never litigated in the *Pearson* action.

### 1. An owner of any "exclusive right" has standing to sue.

17 U.S.C. § 501(b) provides in part:

> The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it. . . . [39]

The Ninth Circuit examined § 501(b) in *Silvers v. Sony Pictures Entertainment, Inc.*: "The meaning of that provision appears clear. To be entitled to sue for copyright infringement, the plaintiff must be the 'legal or beneficial owner of an exclusive right under a copyright.' "[40] The leading treatise on copyright law, Nimmer on Copyright, explains that under the Copyright Act of 1976, "The basic principle . . . is that only the copyright owner, or the owner of exclusive rights under the copyright, as of the time the acts of infringement occur, has standing to bring an action for infringement of such rights."[41] " 'Copyright owner', with respect to any one of the exclusive rights comprised in a copyright, refers to the owner of that particular right."[42]

17 U.S.C. § 106 sets forth the exclusive rights under a copyright, including the following:

> [T]he owner of copyright under this title has the exclusive rights to do and to authorize any of the following:

---

[39] 17 U.S.C. § 411 requires preregistration or registration of a copyright before instituting an action for infringement.

[40] 402 F.3d 881, 884 (9th Cir. 2005).

[41] 3-12 Nimmer on Copyright § 12.02[C] (quoted in *Oskar Systems, LLC v. Club Speed, Inc.*, 745 F.Supp.2d 1155, 1159 [C.D. Cal. 2010]).

[42] 17 U.S.C. § 101.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

> (1)     to reproduce the copyrighted work in copies . . .
>
> (3)     to distribute copies . . . of the copyrighted work to the public
>          . . .
>
> (5)     to display the copyrighted work publicly . . .

"The exclusive rights accorded to a copyright owner under section 106 are 'to do and to authorize' any of the activities specified in the five [now six] numbered clauses."[43]

"Exclusive rights in a copyright may be transferred and owned separately . . ."[44]  17 U.S.C. § 201(d) provides:

> (1)     The ownership of a copyright may be transferred in whole or in part by any means of conveyance or by operation of law . . .
>
> (2)     Any of the exclusive rights comprised in a copyright, including any subdivision of any of the rights specified by section 106, may be transferred as provided by clause (1) and owned separately.  The owner of any particular exclusive right is entitled, to the extent of that right, to all of the protection and remedies accorded to the copyright owner by this title.

Moreover, exclusive rights under a copyright may be jointly owned, with each co-owner having an independent right to use or license the use of the copyright.[45]  "Exclusive rights" are not exclusive because they must be owned by a single entity; rather, the rights are enjoyed by the owners of a copyright to the exclusion of all non-owners.

Thus, an owner (like Minden) of a right to authorize reproduction, distribution and/or display of the copyrighted work owns "exclusive rights" within the meaning of 17 U.S.C. § 106 and is entitled to institute an action for any infringement of that particular right committed while he or she is the owner of it.  This is clear from the legislative history of the 1976 Copyright Act.  As

---

[43] House Report, quoted in *Silvers v. Sony Pictures Entertainment, Inc.*, *supra*, 402 F.3d at 887.

[44] *Silvers v. Sony Pictures Entertainment, Inc.*, *supra*, 402 F.3d at 885.

[45] *Oddo v. Ries*, 743 F.2d 630, 632-633 (9th Cir. 1984).  *See also* 1-6 Nimmer on Copyright § 6.01 (author or copyright proprietor may transfer "an undivided interest in such copyright to one or more persons, reserving to himself an undivided interest").

14

the Ninth Circuit explained in *Silvers*, the House Report stated, " 'Subsection (b) of section 501 enables *the owner of a particular right* to bring an infringement action in that owner's name alone . . .' "[46]

> Congress wanted to ensure that an *owner of any exclusive right* in the copyright was entitled to bring a suit for infringement. Congress foresaw a permissible division of exclusive rights; the owner of any one of those exclusive rights may sue . . . In this sense, Congress intended to 'unbundle' the exclusive rights.[47]

*Silvers* therefore concluded:

> [E]xclusive rights may be chopped up and owned separately, and each separate owner of a subdivided exclusive right may sue to enforce that owned portion of an exclusive right, no matter how small.[48]

### 2. Minden obtained "exclusive rights" from the Photographers and owned them at the time of Wiley's infringements.

Here, before issuing licenses to Wiley, Minden entered into Agency Agreements with the Photographers or their representatives.[49] These agreements authorized Minden to sell licenses to publishers.[50] For example, the Agency Agreement between Photographer Bob Barbour and Minden, quoted above, granted to Minden "the unrestricted, exclusive right to distribute, License and/or exploit the Images . . . without seeking special permission to do so from [Barbour]"; "[a]ll negotiations concerning Licensing of Images by [Minden] shall be at [Minden]'s sole discretion without prior consultation with" Barbour.[51] Similarly, the Agency Agreement between

---

[46] *Silvers v. Sony Pictures Entertainment, Inc.*, *supra*, 402 F.3d at 886 (italics in the court's opinion).

[47] *Silvers v. Sony Pictures Entertainment, Inc.*, *supra*, 402 F.3d at 886 (italics in original).

[48] *Id.* at 887.

[49] Minden Declaration at 2:6-7. Copies of those Agency Agreements are attached to the Minden Declaration as Exhibits 1-1 through 1-9.

[50] Minden Declaration at 2:8-10; Exhibits 1-1 through 1-9.

[51] Photographer's Agency Agreement for the Licensing of Stock Photographs between Bob Barbour and Minden, Exhibit 1-1 to the Minden Declaration at pp. 2-3.

15

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Photographer Carr Clifton and Minden provides that Clifton "appoints [Minden] as his sole and exclusive agent and representative in respect to the licensing of his images worldwide . . ."[52] The agreement further provides that "[a]ll negotiations concerning licensing of [Clifton]'s images by [Minden] shall be at [Minden]'s discretion without prior consult[at]ion with [Clifton] . . ."[53]

In short, the Agency Agreements granted Minden the right to authorize publishers such as Wiley to reproduce, distribute and display the images. Thus, the Agency Agreements granted Minden ownership of three of the "exclusive rights" under a copyright set forth in 17 U.S.C. § 106(1), (3) and (5). As noted above, 17 U.S.C. § 501(b) provides that "[t]he legal or beneficial owner of an exclusive right under a copyright is entitled . . . to institute an action for any infringement of that particular right committed while he or she is the owner of it." Minden became a legal or beneficial owner of "exclusive rights" under the copyrights before it issued the licenses to Wiley on which this action is based, and Minden remained an owner of those "exclusive rights" when Wiley infringed those rights. Accordingly, since the Photographers had granted Minden two of the exclusive rights set forth in 17 U.S.C. § 106 and Minden owned those rights when Wiley's acts of infringement occurred, Minden has standing to prosecute this infringement action under 17 U.S.C. § 501(b). Since the Court did not address this issue in the *Pearson* action, the summary judgment in *Pearson* should not determine standing here.

### 3. Minden is not barred from relying on the Agency Agreements to support standing in this case simply because Judge Alsup issued a preclusion order in the *Pearson* action.

Wiley's motion argues that "Minden is barred from relying on agency agreements because of its strategic decision in litigating the standing issue."[54] In support, Wiley cites Judge Alsup's conclusion that Minden's failure to produce the agency agreements earlier was a strategic choice.[55]

---

[52] Photographer's Agency Agreement for the Leasing or Licensing of Stock Photographs between Carr Clifton and Minden, Exhibit 1-1 to the Minden Declaration at p. 9.

[53] *Id.*

[54] Wiley's Memorandum, Doc. 31, at 10:8-9 (capitalization, boldface and underlining omitted).

[55] *Id.* at 10:9-21.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Wiley contends that because Judge Alsup ruled Minden was precluded from relying on the agency agreements in the *Pearson* action, Minden is also precluded from doing so here. But in this case there was no delay in producing the Agency Agreements; they were produced with Minden's initial document production on March 15, 2013, four days before Wiley first produced <u>any</u> documents on March 19, 2013.[56] Since there has been no "strategic choice" by Minden to withhold the Agency Agreements here, there is no basis for the Court to preclude Minden from relying on the Agency Agreements for standing.

Wiley cites *In re Daily*[57] for the proposition that "a party that deliberately precludes resolution of factual issues through normal adjudicative procedures is thereafter bound, in subsequent, related proceedings."[58] In that case, the FDIC sought discovery from a defendant in a RICO suit. Nothing was forthcoming. After pressing its requests for discovery unsuccessfully for nearly two years, the FDIC sought relief under Rule 37. The district court found that the defendant's delay in providing responses for nearly two years had prejudiced the plaintiffs and interfered with the judicial process. The court ordered all allegations of the complaint deemed admitted by the defendant and entered a default judgment against him for the damages alleged, trebled. The defendant thereafter sought to relitigate in a bankruptcy proceeding the issues that had been deemed admitted in the RICO suit. The Ninth Circuit concluded, "A party who deliberately precludes resolution of factual issues through normal adjudicative procedures may be bound, in subsequent, *related proceedings involving the same parties and issues*, by a prior judicial determination reached without completion of the usual process of adjudication."[59]

Here, the *Pearson* action and this action against Wiley do not involve the same parties or the same issues. Minden is a party to both cases, but the defendants are separate, wholly unrelated

---

[56] Crockett Declaration at 2:22-24.

[57] 47 F.3d 365 (9th Cir. 1995).

[58] Wiley's Memorandum, Doc. 31, at 19:1-3 (internal quotation marks omitted).

[59] *In re Daily*, *supra*, 47 F.3d at 368 (italics added).

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

publishers. Further, the issues are not the same. Both are copyright infringement suits, but there are different photographers, different images, different licenses and different infringement claims.

*In re Daily* is also distinguishable in terms of the conduct involved. In that case, the defendant resisted all discovery for almost two years, prejudicing the plaintiffs and interfering with the judicial process. In the *Pearson* action, Minden produced the agency agreements within days after they were first specifically requested by Pearson, almost three months before the close of discovery. And in the present case, since there was no delay in producing the Agency Agreements,[60] it would be error to rule Minden is precluded from relying on them.

**B.** **In light of Judge Alsup's ruling in the *Pearson* action, Minden recently obtained updated Copyright and Accrued Causes of Action Assignments from the contributing Photographers. These updated assignments supplement the original copyright assignments that Judge Alsup found insufficient, and confer standing on Minden for reasons that were not addressed in the *Pearson* case.**

**1.** **The Updated Copyright Assignments address Judge Alsup's concerns.**

With respect to the copyright assignments, Judge Alsup concluded they were "disguised assignment[s] of a cause of action" that failed to confer standing on Minden.[61] His order noted that "the copyright assignment terminates automatically upon conclusion of any litigation with the reassignment of 'co-ownership' back to the copyright owners"[62] and that the copyright assignments were not "reasonably susceptible of the interpretation that they transferred legal title in the underlying copyrights to Minden."[63] Judge Alsup concluded that "the copyright assignments were not intended to be broad grants of co-ownership of legal title. Rather, the sole purpose and use of

---

[60] Crockett Declaration at 2:22-24. In addition, on March 8, 2013 Minden served Supplemental Rule 26(a)(1) Disclosures adding the Agency Agreements to the list of documents that may be used to support Minden's claims. Crockett Declaration at 2:24 - 3:1; Exhibit 10 to the Crockett Declaration.

[61] *Pearson* Summary Judgment Order, Doc. 32-10 in the present action, Exhibit 2 to the Beylkin Declaration, at 7-11.

[62] *Id.* at 9:7-9.

[63] *Id.* at 10:14-16.

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

the assignment was as a vehicle for bringing suit."[64]  On that basis he concluded that Minden

lacked standing to sue and entered summary judgment in favor of Pearson.

Minden disagrees with Judge Alsup's ruling in the *Pearson* action for all the reasons set

forth in Minden's briefs filed in opposition to Pearson's summary judgment motion[65] and is

challenging it on appeal.  Nonetheless, in light of Judge Alsup's ruling in the *Pearson* action,

Minden recently obtained updated Copyright and Accrued Causes of Action Assignments from the

contributing Photographers in the present action.  These assignments expressly state that they are

intended to vest in both parties a co-ownership interest in the copyrights to the images and

expressly include the right of both Minden and the photographer to authorize copying, distribution

and display of the images.

For example, the Updated Copyright Assignment executed by Photographer Bob Barbour

(which is substantially identical to the other Updated Copyright Assignments) provides:

> This agreement memorializes the relationship between the
> undersigned parties and governs all photographic images authored by
> the undersigned photographer ("Photographer") that have been
> included in the collection of Minden Pictures, Inc. ("Minden") and
> licensed by Minden to John Wiley & Sons, Inc. ("Wiley"), including
> those to which Photographer holds the copyrights and those to which
> co-ownership of the copyrights was previously assigned to Minden
> ("the Images").
>
> Photographer hereby assigns to Minden co-ownership of the
> copyrights in the Images not previously assigned to Minden.  Minden
> hereby assigns to Photographer co-ownership of the copyrights in the
> Images previously assigned to Minden.  These assignments are
> intended to vest in both parties a co-ownership interest in the
> copyrights to the Images.  These assignments include the right of
> both parties to authorize the reproduction of the Images in copies and

[64] *Id.* at 11:4-6 (italics omitted).

[65] Plaintiff Minden Pictures, Inc.'s Memorandum of Points and Authorities in Opposition to
Defendant Pearson Education, Inc.'s Motion for Summary Judgment, Doc. 67 in the *Pearson*
action, a copy of which is attached to the Crockett Declaration as Exhibit 7; Plaintiff Minden
Pictures, Inc.'s Surreply in Opposition to Defendant Pearson Education, Inc.'s Motion for
Summary Judgment, Doc. 78 in the *Pearson* action, a copy of which is attached to the Crockett
Declaration as Exhibit 8.

the right to authorize the distribution and display of copies of the Images to the public, and affirms Photographer's prior assignment of these rights to Minden effective the date the Images were included in Minden's collection.

Photographer assigns to Minden all rights, title and interest in any accrued or later accruing claims, causes of action, choses in action – which is the personal right to bring a case – or lawsuits brought against Wiley to enforce copyrights in the Images. This assignment authorizes Minden, in its sole discretion, to present, litigate and settle any claims against Wiley relating to unauthorized uses of the Images.

Any proceeds obtained by settlement or judgment for said claims shall, after deducting costs, expenses of litigation and attorneys' fees, be divided as provided in Photographer's agency agreement with Minden.[66]

Thus, the Updated Copyright Assignments address Judge Alsup's concerns, making it explicit that they transfer co-ownership of legal title in the underlying copyrights to Minden and include the right of both parties to authorize the reproduction of the images and the distribution and display of copies of the images to the public, three of the "exclusive rights" set forth in 17 U.S.C. § 106. They could not reasonably be construed as bare assignments of the right to sue.

### 2. A defect in standing in a copyright infringement action due to the insufficiency of an assignment may be cured and will relate back to the filing of the Complaint.

This Court has held that where a plaintiff in a copyright infringement action lacks standing at the time a suit is filed because of a deficiency in an assignment of rights, the deficiency may be cured and will relate back to the filing of the Complaint. In *Co-opportunities, Inc. v. National Broadcasting Co., Inc.*,[67] Judge Marilyn Hall Patel addressed the issue of an assignment of accrued causes of action for copyright infringement:

The parties are in agreement that the usual assignment of a copyright does not include an assignment of existing causes of action for infringement. . . .

---

[66] Copyright and Accrued Causes of Action Agreement executed by Photographer Bob Barbour, Exhibit 3 to the Minden Declaration at p. 2.

[67] 510 F.Supp. 43 (N.D. Cal. 1981).

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Although plaintiff did not acquire the right to sue on prior acts of infringement at the time it was assigned the copyright, it has now acquired such right pursuant to the express assignment of accrued causes of action . . . while this motion was under submission. . . .

The problem of double recovery here has been eliminated by McGee's assignment of any cause of action to plaintiff Co-opportunities. . . .

The nature of the claim whether brought in the name of Co-opportunities or McGee is essentially the same. While plaintiff may not have been properly diligent in securing the right to sue, its right to be heard on the merits should not be defeated by an overly technical application of the applicable statute. The court thus holds that Co-opportunities has acquired standing to bring the copyright infringement claim and that its acquisition relates back to the filing of the complaint in this action.[68]

Nimmer on Copyright is in accord:

To the extent that a grant, such as a general assignment, does not include accrued causes of action, the defect may be cured to the extent that the grantor is willing to execute a second grant, appropriately worded, prior to trial.[69]

Accordingly, if, as Judge Alsup found in *Pearson*, the Original Copyright Assignments are insufficient to confer standing, that insufficiency is cured by the Updated Copyright Assignments. Thus, since the sufficiency of the Updated Copyright Assignments was not "actually litigated" in *Pearson*, collateral estoppel cannot apply here.

### 3. The Updated Copyright Assignments independently confer standing on Minden.

Nimmer on Copyright explains that with respect to infringing acts that occurred prior to a grant of an ownership interest in a copyright – which is not the case here, because Minden was granted "exclusive rights" before it issued licenses to Wiley – an assignee of both ownership of the copyright and an accrued infringement cause of action "has standing to sue without the need to join his assignor" for infringements that occurred prior to the grant of copyright ownership.[70] The

---

[68] *Id.* at 46-48 (footnotes omitted).

[69] 3-12 Nimmer on Copyright § 12.02(C) (footnotes omitted).

[70] *Id.*

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Ninth Circuit in *Silvers* agreed that a plaintiff could maintain a copyright infringement action in connection with a claim that accrued *before* the plaintiff had an interest in the copyright as long as, prior to filing suit, the plaintiff acquired the right to sue for accrued claims in addition to an ownership interest in the copyright. The court discussed this issue in its analysis of a Second Circuit decision:

> [T]he Second Circuit decided *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991), a copyright case in which ABKCO had bought *both* the copyright to a song *and* 'any and all rights assertable under copyright against the Infringing Composition in any part of the world which may have heretofore arisen or which may hereafter arise.' (Internal quotation marks omitted.) Although the infringement in question had occurred before ABKCO bought the copyright, the court held that ABKCO could sue the infringer 'not out of its ownership of the copyright, but from its ownership of the claims themselves which it purchased, along with the copyright, in 1978.' *Id.* at 981. The Second Circuit made clear that its decision was limited to the situation in which the same entity purchased *both* the copyright *and* accrued claims; FN1 the only issue was one of timing, whether ownership of the copyright and occurrence of the infringement had to coincide. The court reaffirmed the principle . . . that a party that has no ownership interest has no standing to sue; 'the Copyright Act does not permit copyright holders to choose third parties to bring suits on their behalf.' *Id.* at 980.

> > FN1. This holding makes perfect sense, as it is consistent with the Act and with the constitutional purpose of encouraging authors and inventors by creating a limited monopoly on their works and inventions. When one acquires a copyright that has been infringed, one is acquiring a copyright whose value has been impaired. Consequently, to receive maximum value for the impaired copyright, one must also convey the right to recover the value of the impairment by instituting a copyright action. Of course, in this sort of commercial transaction the ultimate payment would be calculated minus the costs of suit.

> We think it important to parallel the Second Circuit for two reasons. First, and more importantly, our independent analysis leads us to the same conclusion. Second, the creation of a circuit split would be particularly troublesome in the realm of copyright.[71]

---

[71] *Silvers v. Sony Pictures Entertainment, Inc.*, *supra*, 402 F.3d at 889-890 (italics in original;

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

In the Second Circuit decision expressly adopted by the Ninth Circuit in *Silvers*, the court explained that "a copyright owner can assign its copyright but, if the accrued causes of action are not expressly included in the assignment, the assignee will not be able to prosecute them."[72] Conversely, this clearly recognizes that if the accrued causes of action *are* included in the assignment, the party to whom both an ownership interest and accrued causes of action are assigned *can* prosecute the claims.[73]

In *Oracle Corp. v. SAP AG*,[74] Judge Phyllis J. Hamilton of this Court explained that, although "a general transfer or assignment of 'exclusive rights' does not convey accrued causes of action, because the right to sue for an accrued claim is not an exclusive right under § 106 of the Copyright Act,"[75] "accrued claims may also be transferred, either in the assignment/transfer agreement itself, or in a separate agreement" as long as such preexisting causes of action are "expressly included in the assignment or transfer."[76] That is precisely what occurred here. The Updated Copyright Assignments include both ownership interests in the copyrights and the sole right to bring and resolve accrued and later accruing claims pertaining to the images in suit. Minden therefore has standing to prosecute this action.

## V. CONCLUSION

Wiley seeks a windfall dismissal based on a ruling in an action in which it was not involved even though Minden's standing is established by two independent grounds not addressed in Judge Alsup's ruling.

---

footnote 2 omitted).

[72] *ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991).

[73] *See also Giddings v. Vision House Production, Inc.*, 584 F.Supp.2d 1222, 1229 (D. Ariz. 2008) ("Copyright assignments do not include accrued causes of action *unless they are expressly included in the assignment*"; italics added).

[74] 734 F.Supp.2d 956 (N.D. Cal. 2010).

[75] *Id.* at 961.

[76] *Id.*

23

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

First, before Minden licensed the images to Wiley, the contributing photographers executed agency agreements granting Minden three of the "exclusive rights" set forth in 17 U.S.C. § 106: the rights to authorize reproduction, distribution and display of the images to the public. Thus, as an owner of "exclusive rights" at the time when Wiley's acts of infringement occurred, Minden has standing to bring this action. Judge Alsup did not consider this contention in the *Pearson* action because of his conclusion that there had been intolerable delays in discovery – which have not occurred in the present action.

Second, in light of Judge Alsup's ruling, Minden recently obtained updated Copyright and Accrued Causes of Action Assignments from the contributing photographers. These assignments expressly provide that they are intended to vest in both parties a co-ownership interest in the copyrights to the images. These assignments include the right of both Minden and the photographer to authorize copying, distribution and display of the images. These updated assignments supplement the original copyright assignments that Judge Alsup found insufficient to support standing. Thus, the facts underlying the rationale in Pearson are absent here.

Accordingly, for the foregoing reasons Minden respectfully requests that the Court deny Wiley's motion to dismiss.


Date:  April 4, 2013

         Plaintiff Minden Pictures, Inc., by its attorneys,

         /s/ *Robert W. Crockett*

         Robert W. Crockett (SBN 79918)
         Harmon & Seidman LLC
         33 Spindrift Passage
         Corte Madera, California 94925
         Tel:  (415) 945-1830
         E-mail:  robert@harmonseidman.com

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

CASE NO. C-12-04601-EMC

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel:  (970) 245-9075
Fax:  (970) 245-8086
E-mail:  chris@harmonseidman.com

PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS    CASE NO. C-12-04601-EMC
AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY &
SONS, INC.'S MOTION TO DISMISS COMPLAINT

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of 18 years, and not a party to the above-entitled action. My business address is 33 Spindrift Passage, Corte Madera, California 94925.

I hereby certify that on April 4, 2013 I caused the foregoing PLAINTIFF MINDEN PICTURES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT JOHN WILEY & SONS, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT to be filed via the CM/ECF system, which will serve a Notice of Electronic Filing to all counsel of record, including the following:

> Steven D. Zansberg
> Christopher P. Beall
> Michael Beylkin
> Levine Sullivan Koch & Schulz, LLP
> 1888 Sherman Street, Suite 370
> Denver, Colorado 80203
> Tel: (303) 376-2400
> Fax: (303) 376-2401
> E-mail: szansberg@lskslaw.com
>       cbeall@lskslaw.com
>       mbeylkin@lskslaw.com

I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Executed on April 4, 2013 at Corte Madera, California.

> /s/ *Robert W. Crockett*

> Robert W. Crockett (SBN 79918)
> Harmon & Seidman LLC
> 33 Spindrift Passage
> Corte Madera, California 94925
> Tel: (415) 945-1830
> E-mail: robert@harmonseidman.com