UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MINDEN PICTURES, INC.,

    Plaintiff,

    v.

JOHN WILEY & SONS, INC.,

    Defendant.
_____/

No. C-12-4601 EMC

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**(Docket No. 84)**

## I.    INTRODUCTION

Currently pending before the Court is Defendant John Wiley & Sons, Inc.'s ("Wiley") motion for an award of attorneys' fees and costs pursuant to 17 U.S.C. § 505. The Court previously granted Wiley's motion for summary judgment finding that Plaintiff Minden Pictures, Inc. ("Minden") lacked standing under the Copyright Act, 17 U.S.C. § 101, *et seq.*, to assert claims of copyright infringement against Wiley. Minden has opposed Wiley's motion on a number of grounds. For the following reasons, the Court **DENIES** Wiley's motion.

## II.    FACTUAL & PROCEDURAL BACKGROUND

A detailed discussion of the underlying dispute between the parties in this copyright action can be found in this Court's prior order granting summary judgment in favor of Wiley on all claims asserted by Minden. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, — F. Supp. 2d — , 2014 WL 295854 (N.D. Cal. Jan. 27, 2014).[1]

---

[1] In addition, Judge Alsup granted summary judgment against Minden in the case of *Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962 (N.D. Cal. 2013). The Court will refer to this order to the extent it is relevant to address Wiley's argument in the instant action.

1    This Court has issued two substantive orders in this case. In its first order, it granted Wiley's
2 motion to dismiss for lack of standing to the extent that Minden relied upon various copyright
3 assignments from various photographers to establish standing. *See Minden Pictures, Inc. v. John*
4 *Wiley & Sons, Inc.*, No. C-12-4601 EMC, 2013 WL 1995208 (N.D. Cal. May 13, 2013). The Court,
5 however, denied the motion to dismiss to the extent that Minden relied on various agency
6 agreements to establish standing. As to these agency agreements, the Court concluded that further
7 discovery into the effect of those agreements was necessary. *Id.* at *8.
8    After this discovery occurred, the parties filed cross summary judgment briefs. Ultimately,
9 the Court granted Wiley's motion for summary judgment, finding that the various agency
10 agreements into which Minden entered with various photographers did not give it standing to pursue
11 its copyright infringement claims. *See Minden Pictures*, 2014 WL 295854, at 1. First, the Court
12 examined the content of the agreements and concluded that the agency agreements made Minden a
13 non-exclusive licensing agent and not a co-owner of any exclusive right under 17 U.S.C. § 106. *See*
14 *id.* at *10. Second, the Court found that Minden was not a "beneficial" owner of any § 106
15 exclusive right as it had never been in the chain of legal title of any of the applicable photographs.
16 *Id.* at *11. Accordingly, because the copyright act confers standing only upon legal or beneficial
17 owners of a § 106 exclusive right, the Court concluded that Minden lacked standing. *See* 17 U.S.C.
18 § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled . . . to
19 institute an action for any infringement of that particular right committed while he or she is the
20 owner of it."). Minden's appeal of this order is currently pending before the Court of Appeals.
21    On February 21, 2014, Wiley filed a motion for an award of costs and attorneys' fees under
22 17 U.S.C. § 505. Wiley argues that it is "unquestionably" the prevailing party, that Minden's legal
23 and factual arguments were objectively unreasonable and pursued in bad faith, and that an award of
24 attorneys' fees would further the purposes of the Copyright Act by deterring improperly
25 "aggregated" claims. *See generally* Docket No. 84. Wiley has provided fee and cost summaries that
26 describe various activities (i.e., "motion for summary judgment" or "discovery") and lists the time
27 spent by various timekeepers on that activity as well as their hourly rate. *See* Docket Nos. 85-8, 95-
28 9. Minden opposes Wiley's request. First, Minden argues that this Court's summary judgment on

2

standing grounds signified that the Court had no subject matter jurisdiction over this action and, therefore: (1) this Court has no power to award fees; and (2) Wiley is not a "prevailing party." Second, Minden asserts that even if this Court has the power to award fees in these circumstances, its positions in this case were objectively reasonable and brought in good faith. Finally, Minden challenges Wiley's fee summaries as unsupported by any actual time records or invoices. *See* Docket No. 89.

## III. DISCUSSION

### A. Legal Standard

Section 505 of the Copyright Act governs the award of costs or attorneys' fees in copyright infringement actions. It provides:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505. As the plain text of this provision reveals, an award of fees to a prevailing party in a copyright action is not mandatory, but rather left to the discretion of the Court. *See, e.g.*, *Fogarty v. Fantasy, Inc.*, 510 U.S. 517, 523 n.11 (1994). "District courts have two tasks in applying § 505: first, deciding whether an award of attorney's fees is appropriate and, second, calculating the amount of the award." *Cadkin v. Loose*, 569 F.3d 1142, 1147 (9th Cir. 2009).

In determining whether an award of attorneys' fees or costs is appropriate, the Court must first find that the requesting party, in fact, prevailed on the copyright claim. *See id.* The Ninth Circuit has articulated five non-exclusive factors to consider in determining whether to grant a prevailing party attorneys' fees: "'[1] the degree of success obtained; [2] frivolousness; [3] motivation; [4] objective unreasonableness (both in the factual and legal arguments in the case); and [5] the need in particular circumstances to advance considerations of compensation and deterrence.'" *Inhale, Inc. v. Starbuzz Tobacco, Inc.*, 739 F.3d 446, 449 (9th Cir. 2014) (quoting *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). Ultimately, however, courts may not rely on the factors if they are not "'faithful to the purposes of the Copyright Act. Faithfulness to the purposes of the Copyright Act is, therefore, the pivotal criterion.'" *Berkla v. Corel Corp.*, 302 F.3d 909, 923 (9th Cir. 2002)

(quoting *Fogerty*, 94 F.3d at 558).  Finally, prevailing plaintiffs and prevailing defendants are to be treated alike in determining whether attorneys' fees are appropriate.  *See Fogerty*, 510 U.S. at 534 ("Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion.").

B.  <u>This Court Has the Authority to Issue an Attorneys' Award in this Case</u>

Minden's first argument is based on the fact that this Court granted summary judgment after finding that Minden lacked standing under the Copyright Act.  This fact is significant, Minden argues, because the Court's order means that the Court lacked subject matter jurisdiction over this action, thereby depriving the Court of the ability to award attorneys' fees.  The Court disagrees.

Minden is correct that the Ninth Circuit has held that where a district court lacks subject matter jurisdiction under Article III, the court lacks the power to issue an attorneys' fee award under a fee shifting statute.  Thus, in *Elwood v. Drescher*, 456 F.3d 943 (9th Cir. 2006), the Ninth Circuit vacated the district court's award of attorneys' fees to a successful civil rights defendant under 42 U.S.C. § 1988, in part because the district court had found the claims against that defendant were barred by the *Rooker-Feldman* doctrine.  The Court found that "[t]he claim against Judge Kehiayan was dismissed under *Rooker-Feldman*, which is a jurisdictional ground for dismissal and precludes the awarding of attorneys' fees."  *Id.* at 948.  The Ninth Circuit has held similarly in other statutory contexts.  *See Zambrano v. INS*, 282 F.3d 1145, 1149-50 (9th Cir. 2002) ("In order for a court to award fees under the EAJA, it must have jurisdiction over the underlying action."); *In re Knight*, 207 F.3d 1115, 1117 (9th Cir. 2000) (holding that the "district court lacked any authority to award fees and costs under ERISA section 502(g)(1) in this case after finding that it lacked subject matter jurisdiction over the underlying action"); *Latch v. United States*, 842 F.2d 1031, 1033 (9th Cir. 1988) ("[S]ince the district court lacked jurisdiction to entertain the tax claim, it had no authority [under 26 U.S.C. § 7430] to award attorney's fees.").  The common thread in each of these cases is the federal fee-shifting statute involved in each case "did not provide an independent grant of subject-matter jurisdiction."  *Zambrano*, 282 F.3d at 1150.

Under this line of cases, the critical question is whether this Court's prior dismissal for lack of standing under the Copyright Act represents a dismissal for lack of subject matter jurisdiction.

Minden argues that the Ninth Circuit's recent decision in *Righthaven LLC v. Hoehn*, 716 F.3d 1166 (9th Cir. 2013), squarely holds that standing under the Copyright Act is a jurisdictional question under Article III. In that case, the district court had found that the plaintiff lacked standing to pursue an infringement claim because the assignment upon which plaintiff relied did not give it a legal or beneficial ownership interest in any exclusive right. In the alternative, the district court also granted the defendant summary judgment on the defendant's fair use defense. *Id.* at 1168. The Ninth Circuit affirmed the district court to the extent it found plaintiff lacked standing. *Id.* at 1172. However, it vacated the Court's alternative ruling on the fair use defense. After noting that the Supreme Court has rejected the concept of "hypothetical jurisdiction," the Court went on to state:

> Hoehn argues that subject matter jurisdiction and standing are separate concepts, and that even if Righthaven lacked standing to sue, the district court still had subject matter jurisdiction over the dispute. The holding in *Steel Co.* [*v. Citizens for a Better Env't*, 523 U.S. 83 (1998)], however, pertained to reaching the merits when a court lacked Article III jurisdiction on account of standing, *which is precisely the situation in this case*. In the absence of standing, a federal court "lacks subject matter jurisdiction over the suit."

*Id.* at 1172 (emphasis added). This language implicitly suggests that standing under the Copyright Act is jurisdictional. This result is consistent with at least two other district court decisions from this Circuit. *See Giddings v. Vision House Production*, No. CV-05-2963-PHX-MHM, 2009 WL 1674420 (D.Ariz. June 12, 2009); *McCormick v. Amir Construction Inc.*, No. CV 05-7456 CAS (PJWx), 2008 WL 4534266 (C.D. Cal. Oct. 6, 2008).

However, this reading of *Righthaven* is problematic. First, by conflating the principles of Article III standing (which is jurisdiction and goes to the power of a court to adjudicate an action) and statutory standing (which goes to the merits of the claim), *Righthaven* is in tension with a long line of Ninth Circuit authority. For example, in *Canyon County v. Syngenta Seeds, Inc.*, 519 F.3d 969 (9th Cir. 2008), the court, in the context of analyzing standing under RICO, stated:

> The district court did not specify whether its dismissal was based on Federal Rule of Civil Procedure 12(b)(1), lack of subject matter jurisdiction, or 12(b)(6), failure to state a claim upon which relief can be granted, noting that "the case law is unclear as to whether a challenge to a plaintiff's standing under RICO is jurisdictional." There is case law from other circuits suggesting that statutory standing may sometimes be a jurisdictional prerequisite. *We have held,*

5

> *however, that the question of statutory standing is to be resolved under Rule 12(b)(6), once Article III standing has been established.*

*Id.* at 974 n.7 (emphasis added); *see also Harris v. Amgen, Inc.*, 573 F.3d 728 (9th Cir. 2009) ("Although the district court dismissed Harris's claims for lack of subject matter jurisdiction, a dismissal for lack of statutory standing is properly viewed as a dismissal for failure to state a claim."). In these cases, the Ninth Circuit has recognized there are situations where a plaintiff has suffered an injury because of a defendant's actions and yet Congress' enacted *statutory scheme* does not recognize the injury for purposes of statutory standing. It has noted that such situations are properly disposed of by way of a Rule 12(b)(6) motion – not dismissal for lack of subject matter jurisdiction. *Cf. Cetacean Community v. Bush*, 386 F.3d 1169, 1175 (9th Cir. 2004) ("If a plaintiff has suffered sufficient injury to satisfy the jurisdictional requirement of Article III but Congress has not granted statutory standing, that plaintiff cannot state a claim upon which relief can be granted.").

Applying this distinction recognized by the Ninth Circuit, the Seventh Circuit has expressly found that standing under the Copyright Act is not jurisdictional. In *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377 (7th Cir. 2011), the court noted that § 501 of the Copyright act "restricts the set of people who are entitled to bring a civil action for infringement" to those who qualify as a legal or beneficial owner of the copyright. *Id.* at 381. It recognized that while "[s]ome courts . . . have seen this as a limitation derived from Article III's standing requirement," it was "preferable to be more precise in our language." *Id.* The court continued:

> Many parties who have not crossed the "T's" and dotted the "i's" in their copyright licenses would have no trouble demonstrating injury in fact, causation, and redressability – the three indispensable requirements for constitutional standing, but their efforts to sue will nonetheless be thwarted by the statutory requirement. Another possibility, closer to the mark, is that the Copyright Act establishes criteria for the real party in interest, as that term is used by Federal Rule of Civil Procedure 17(a). Or one could keep it simple and say that the Copyright Act spells out who has enforceable rights under the statute; someone who does may sue, and someone who does not has failed to state a claim upon which relief may be granted.

*Id.* The Seventh Circuit ultimately concluded that it was the last of these approaches that is the correct one. *Id.* Significantly, after affirming the district court's conclusion that the plaintiff in that case lacked standing under the Copyright Act, the Seventh Circuit affirmed the district court's award

of attorneys' fees under § 505. *Id.* at 388; *see also Saregama India Ltd. v. Mosley*, 635 F.3d 1284, 1290-91 (11th Cir. 2011) (noting that the requirements of 17 U.S.C. § 501(b) go to statutory standing).

This case demonstrates what the Seventh Circuit recognized in *HyperQuest*. Here, Minden has undeniably suffered an "injury in fact" for purposes of Article III. Minden is authorized to grant third-parties licenses to display and reproduce the photographers images. It is through the issuance of these licenses that Minden earns its revenue. Minden granted Wiley licenses to commercially exploit the photographs at issue, subject to various limitations. If, as is alleged in this case, Wiley exceeded the scope of its license (for example, by producing too many copies of the images or using the images in a media not covered by the license), Minden has been harmed – it has lost revenue because Wiley did not pay to obtain a license covering its broader usage of the images. Notwithstanding this harm, Congress, in defining the scope of individuals authorized to bring suit under the Copyright Act, has not permitted individuals harmed in this way to bring suit. To say, however, that Congress has not authorized the suit as a substantive matter does not change the reality that Minden allegedly suffered an injury in fact (within the meaning of Article III) as a result of Wiley's conduct.

Second, Minden's reading of *Righthaven* is in apparent conflict with at least two prior Ninth Circuit decisions where the Ninth Circuit affirmed an award of attorneys' fees where the plaintiff was found to lack standing under the Copyright Act. In *Maljack Productions, Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881 (9th Cir. 1996), the Ninth Circuit affirmed the district court's holding that the plaintiff, MPI, lacked standing under the Copyright Act because it did not hold any ownership interest in the copyrights at issue. *Id.* at 886. Despite this holding, the Court went on to *affirm* the district court's award of attorneys' fees and remanded to the district court for an assessment of the amount of fees. *Id.* at 890; *see also Cadkin v. Bluestone*, 290 F. App'x 58 (9th Cir. 2008) (affirming award of attorneys' fees, in part, because the "Plaintiff did not have standing to bring the [Copyright] claim and he *knew* he did not have standing, yet brought the claim anyway").

Minden responds to these cases by arguing that the parties did not raise jurisdictional arguments and therefore should not be presumed to have made a holding on these issues. While

1 these Ninth Circuit decisions may not have expressly addressed any jurisdictional arguments (as it
2 appears the parties did not raise any), they remain significant, because every federal court has an
3 independent obligation to satisfy itself of the existence of subject matter jurisdiction. *See Abada v.*
4 *Charles Schwab & Co., Inc.*, 300 F.3d 1112, 1117 n.2 (9th Cir. 2002) ("Every court is required to
5 satisfy itself of its own jurisdiction."). *Righthaven* did not address *Maljack*.

6       Third, the overwhelming majority of district courts around the county (and within this
7 Circuit) agree with the Seventh Circuit's approach and assess the merits of an attorneys' fees award
8 even after finding a plaintiff lacked Copyright Act standing. *See, e.g.*, *Hyperquest*, 632 F.3d at 388
9 ("[W]e conclude that HyperQuest did not have the kind of interest in the eDoc software that it
10 needed in order to be entitled to bring this suit for copyright infringement. The defendants . . . were
11 thus entitled to judgment in their favor. This in turn made them prevailing parties for purposes of
12 attorneys' fees under section 505 of the Copyright Act."); *Goss v. Zueger*, No. 12-cv-01424-DME-
13 BNB, 2014 WL 901446 (D. Colo. Mar. 7, 2014); *Gashtili v. JB Carter Properties II, LLC*, No. 2:12-
14 cv-00815-MMD-PAL, 2014 WL 300178 (D. Nev. Jan. 24, 2014); *Righthaven LLC v. Eiser*, No.
15 2:10-cv-3075-RMG-JDA, 2012 WL 527571 (D.S.C. Jan. 13, 2012); *Righthaven LLC v. DiBiase*,
16 2:10-CV-01343-RLH, 2011 WL 5101938 (D. Nev. Oct. 26, 2011); *Righthaven LLC v. Wolf*, 813 F.
17 Supp. 2d 1265, 1273 (D. Colo. 2011); *Contractual Obligation Prod., LLC v. AMC Networks, Inc.*,
18 546 F. Supp. 2d 120 (S.D.N.Y. 2008). The approach taken by these courts is squarely at odds with
19 Minden's reading of *Righthaven*.

20       Finally, were there any doubt remaining about this question in light above the above
21 principles, the Supreme Court, during the pendency of Wiley's attorneys' fees motion, handed down
22 its decision in *Lexmark International, Inc. v. Static Control Components, Inc.*, — S. Ct. —, 2014
23 WL 1168967 (U.S. Mar. 25, 2014). There, the Court addressed the question of whether the
24 respondent in that case fell "within the class of plaintiffs whom Congress has authorized to sue
25 under [15 U.S.C.] § 1125(a)." *Id.* at *7. In framing the issue, the Court noted:

> We have on occasion referred to this inquiry as "statutory standing"
> and treated it as effectively jurisdictional. That label is an
> improvement over the language of "prudential standing," since it
> correctly places the focus on the statute. But it, too, is misleading,
> since "the absence of a valid (as opposed to arguable) cause of action

8

> does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case.

*Id.* at *7 n.4 (citations omitted). Significantly, included in the list of cases cited by the Court as examples of prior "misleading" references to statutory standing is the *Steel Co.* case – the very case upon which the Ninth Circuit in *Righthaven* relied in finding a lack of Article III standing. *See Righthaven*, 716 F.3d at 1172.

During the hearing, Minden sought to distinguish *Lexmark* on two grounds. First, it dismissed the above quoted text as appearing in a footnote. However, footnotes (especially those in unanimous Supreme Court opinions) are equally precedential as the main text. *Cf. United States v. Denedo*, 556 U.S. 904, 921 (2009) (Roberts, C.J., concurring in part) ("[F]ootnotes are part of an opinion, too, even if not the most likely place to look for a key jurisdictional ruling. . . ."). Second, Minden correctly pointed out that *Lexmark* involved the Lanham Act – not the Copyright Act. Nonetheless, the reasoning of the Court in *Lexmark* is incompatible with reading *Righthaven* as holding that standing under the Copyright Act is a jurisdictional question. In concluding that the respondent did not have standing under the required "zone of interests" test applicable to the Lanham Act, the Court stated:

> We thus hold that to come within the zone of interests in a suit for false advertising under § 1125(a), a plaintiff must allege an injury to a commercial interest in reputation or sales. A consumer who is hoodwinked into purchasing a disappointing product may well have an injury-in-fact cognizable under Article III, but he cannot invoke the protection of the Lanham Act . . . .

*Lexmark*, 2014 WL 1168967, at *9. Just like the respondent in *Lexmark*, Minden here clearly suffered an "injury in fact" – a licensee who Minden had authorized to use various photographs allegedly exceeded the bounds of that license, thus causing monetary damage to Minden. However, just as the *Lexmark* respondent did not have a "commercial interest in reputation or sales," here Minden lacked a legal or beneficial interest in an exclusive right under 15 U.S.C. § 106. But as in *Lexmark*, that standing is distinct from the question of Article III jurisdiction. Minden fails to explain how the Copyright Act differs from the Lanham Act for purposes of analyzing Article III jurisdiction.

9

Thus, even if the Court were to accept Minden's reading of *Righthaven* – a reading which the Court has serious reservations was intended by the Ninth Circuit for the reasons stated above – the Court would find that the decision has been undermined by subsequent binding authority from the United States Supreme Court. *See LeVick v. Skaggs Companies*, *Inc.*, 701 F.2d 777, 778 (9th Cir. 1983) ("[W]hen existing Ninth Circuit precedent has been undermined by subsequent Supreme Court decisions, this court may reexamine that precedent without the convening of an *en banc* panel."). Accordingly, this Court concludes that it has jurisdiction to address the merits of Wiley's request for attorneys' fees.

C. <u>The Court Denies Wiley's Request for Attorneys' Fees on the Merits</u>

Turning to the merits of Wiley's motion, the Court concludes that an award of attorneys' fees in this case is not warranted. *See Symantec Corp. v. Logical Plus, Inc.*, No. C06-7963 SI, 2010 WL 2330388, at *3 (N.D. Cal. June 4, 2010) ("An award of attorneys' fees [under § 505] is discretionary.").

First, while Wiley undoubtedly succeeded in this action, the Court finds the degree of success is mitigated by the fact that no substantive ruling regarding the underlying question of infringement was made. Wiley remains subject to suit by each of the individual photographers on whose behalf Minden sought to assert claims. *Cf. Perlan Therapeutics, Inc. v. Nexbio, Inc.*, No. 05-cv-1855 (BEN) (BLM), 2007 WL 935619 (S.D. Cal. Mar. 19, 2007) ("Concerning the first factor, while Defendants succeeded in obtaining dismissal of the copyright claims, the ruling did not reach the merits and Plaintiffs were able to re-assert their claims in a new proceeding. Thus degree of success was small."). While the degree of success in this case is not insubstantial (in that *Minden* cannot assert similar claims against Wiley in any federal court based on the underlying assignment or agency agreements at issue in this case), the fact that the merits of the underlying infringement claims remain untouched reduces the significance of this factor. *See Fogerty*, 94 F.3d at 560 (noting that the Copyright Act does not import the "British Rule" regarding fees through the back door, in part, because "copyright defendants do not always reach the merits, prevailing instead on technical defenses").

Second, Wiley argues that Minden's arguments and legal positions in this case were "objectively unreasonable." The Court disagrees. Wiley first argues that Minden's reliance on the copyright assignments between it and the photographers was objectively unreasonable insofar as those assignments only transferred a bare right to sue. Wiley correctly notes that a mere assignment of a right to sue has been authoritatively established as insufficient to establish copyright standing. *See, e.g.*, *Righthaven*, 716 F.3d 1169. However, before this Court, Minden relied not only on the copyright assignments, but also the agency agreements to establish standing.[2] Given the longstanding relationship between Minden and the photographers as well as the multiple agreements between them, the Court finds it was not objectively unreasonable for Minden to argue that it had standing on the basis of the assignments. Undercutting Wiley's argument on this point is the fact that other district courts in this Circuit have found that copyright assignments similar to those involved in this action *were sufficient* to survive summary judgment on the standing question – a result inconsistent with Wiley's position that these assignments are so obviously deficient as to render Minden's reliance upon them objectively unreasonable. *See Alaska Stock, LLC v. Pearson Educ., Inc.*, No. 3:11-cv-00162-TMB 2013 WL 5496788, at *7 (D. Alaska Sept. 11, 2013); *Pacific Stock, Inc. v. Pearson Educ., Inc.*, 927 F. Supp. 2d 991, 1006-07 (D. Hawaii 2013).[3] While this Court affirms its analysis in dismissing this case, Minden's argument was not objectively unreasonable.

Wiley also argues that Minden's position that the agency agreements conferred standing was likewise objectively unreasonable. Wiley argues that this Court's summary judgment order and its rejection of Minden's arguments show the "speciousness of Minden's legal position" and that

---

[2] The Court notes that before Judge Alsup, Minden's basis for jurisdiction appeared to evolve – a trend for which Judge Alsup criticized Minden's counsel. *See Minden Pictures, Inc. v. Pearson Educ., Inc.*, 929 F. Supp. 2d 962, 966-67 (N.D. Cal. 2013). Significantly, however, despite this fact, Judge Alsup summarily denied the defendant's request for attorneys' fees under § 505. *Id.* at 971.

[3] The Court also discounts Wiley's argument that Minden acted objectively unreasonably by continuing to rely on the copyright assignments after Judge Alsup found them deficient, thus triggering res judicata principles. The instant case was filed on September 4, 2012. Docket No. 1. Judge Alsup's order in the related case was issued six months later, on March 5, 2013. Minden's opposition to Wiley's motion to dismiss did *not* attempt to relitigate Judge Alsup's position, but rather raised the *agency agreements* as an issue Judge Alsup did not address on the merits.

"[n]othing in the Court's summary judgment ruling remotely suggests that this Court's decision, rejecting Minden's spurious arguments, was a close call." Docket No. 84, at 19.[4] The Court disagrees with Wiley's assessment of Minden's arguments as "spurious." The agency agreements upon which Minden relied were not sham documents and, in fact, contained some provisions which could have been read as supporting Minden's position. Further, the Court found no case squarely addressing the *precise* question raised in this case (whether, and if so when, "co-ownership" of the "power to authorize" is sufficient for standing). Ultimately, this case required the Court to engage in a searching analysis of the agency agreements, the plain text of the Copyright Act, and several separate lines of cases. The lack of clarity was particularly pronounced in the "beneficial ownership" realm as there is very little case law defining the parameters of this principle and some of that which exists admittedly conflicts with this Court's analysis. *See Righthaven LLC v. Wolf*, 813 F. Supp. 2d 1265 (D. Colo. 2011). While the Court continues to be of the opinion that its ultimate conclusion was correct, it readily acknowledges that this is an issue upon which reasonable minds may differ.[5]

Finally, the Court finds that awarding attorneys' fees in this case would not further the purposes of the Copyright Act. Wiley argues that deterrence is needed to prevent parties like Minden from impermissibly aggregating claims and bringing meritless, and expensive, suits. The Court disagrees. Wiley seeks to brand Minden with the odious "Copyright Troll" label. Docket No. 84, at 20. The Court finds such hyperbole unhelpful and slightly disingenuous. Minden is not an entity which exists solely for the purpose of acquiring rights to pursue litigation. Rather, as the agency agreements in this case show, they are a legitimate third-party licensing agent with longstanding ties to major photographers. Wiley itself recognizes this by its undisputed business dealings with Minden. That Minden attempted to aggregate the claims of its clients who have

---

[4] Wiley also points to the fact that an arbitrator had rejected Minden's position in a prior arbitration. However, an arbitrator's interpretation of federal law is not binding on a federal court and the Court concludes that the arbitrator's analysis was not such as to make further litigation of the issue in federal court "objectively unreasonable."

[5] For similar reasons, the Court finds that Wiley has not demonstrated that Minden has engaged in bad faith or with an improper motivation during the pendency of this action.

allegedly suffered at Wiley's hands is not, on its own, worthy of scorn.  While the burden of defending frivolous and objectively unreasonable litigation may be deleterious to the objectives of the Copyright Act, it is not the purpose of the Copyright Act "to deter litigants from bringing potentially meritorious claims, even though those claims may be ultimately unsuccessful." *Thompkins v. Lil' Joe Records, Inc.*, No. 02-61161-CIV, 2008 WL 896898, at *6 (S.D. Fla. Mar. 31, 2008).  Nor can it be said that the business model of Minden is contrary to the purposes of the Copyright Act; there is value in facilitating the efficient licensing of legitimate copyright holders.

Given the business relationship between Minden and the photographers, and the lack of objective unreasonableness or frivolousness in Minden's arguments, the Court finds that awarding attorneys' fees in this action would not serve the purposes of the Copyright Act.

## IV.   CONCLUSION

For the foregoing reasons, Wiley's motion for attorneys' fees is **DENIED**.

This order disposes of Docket No. 84.

IT IS SO ORDERED.

Dated:  April 29, 2014

_____
EDWARD M. CHEN
United States District Judge