1
2
3
4

Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel: (970) 245-9075
Fax: (970) 245-8086
E-mail: chris@harmonseidman.com

5
6
7

Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
Tel: 970-270-4718
E-mail: alex@harmonseidman.com

8

*Attorneys for Plaintiff Minden Pictures, Inc.*

9
10
11
12
13
14

Steven D. Zansberg (SBN 177528)
Christopher P. Beall (admitted *pro hac vice*)
Michael Beylkin (admitted *pro hac vice*)
Levine Sullivan Koch & Schulz, LLP
1888 Sherman Street, Suite 370
Denver, Colorado 80203
Tel: (303) 376-2400
Fax: (303) 376-2401
E-mail: szansberg@lskslaw.com
        cbeall@lskslaw.com
        mbeylkin@lskslaw.com

15

*Attorneys for Defendant John Wiley & Sons, Inc.*

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18
19
20
21
22
23

MINDEN PICTURES, INC.,

               Plaintiff,

v.

JOHN WILEY & SONS, INC.,

               Defendant.

_____

)
)
)
)
)
)
)
)
)
)
)
)

Case No. 3:12-cv-04601-EMC
    and related 3:13-cv-03246 EMC

JOINT CASE MANAGEMENT STATEMENT

Date:        November 17, 2015
Time:       10:30 a.m.
Courtroom:  5, 17th Floor

24
25
26

       Pursuant to Civil Local Rule 16-9, Plaintiff Minden Pictures, Inc. ("Plaintiff" or "Minden")
and Defendant John Wiley & Sons, Inc. ("Defendant" or "Wiley") submit this Joint Case
Management Statement.

27
28

**1.**     **Jurisdiction and Service**

This is an action for injunctive relief, statutory damages, monetary damages and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

There are no issues regarding personal jurisdiction or venue.

**2.**     **Facts**

**A.**     **Plaintiff's Summary of Pertinent Facts**

Minden, a stock photography agency located in Watsonville, California, is an owner of the copyrights to all photographs involved in this action and, by assignment, has the sole right to bring and resolve claims pertaining to the photographs in the publications identified in Exhibit 1 to the Complaint.  Wiley, a publisher with its principal place of business in Hoboken, New Jersey, sells educational publications throughout the United States and overseas.  In 1997 and thereafter, Wiley requested, and Minden sold, limited licenses authorizing Wiley to copy and print Minden's photographs in Wiley's publications.  Minden expressly limited the permitted number of copies, distribution area, language, duration and media (print or electronic) and was paid accordingly.  Minden is informed and believes that Wiley disregarded the license limits and made widespread unauthorized uses of Minden's photographs.  Wiley has been sued by numerous other stock photography agencies and photographers, and evidence submitted in those cases has established that Wiley has engaged in a systematic pattern of copyright infringement.  Prior to commencing this action, Minden asked Wiley to disclose its uses of Minden's photographs and offered to settle all copyright infringement claims.  Wiley declined to accept Minden's offer or disclose its uses of Minden's photographs.

**B.**     **Defendant's Summary of Pertinent Facts**

Defendant Wiley is a publisher of, among other things, educational textbooks.  Plaintiff Minden is a stock photography agency who ordinarily licenses stock photographs (ordinary, fungible), originally created and the copyright in which is owned by other parties, to publishers such as Wiley for a few hundred dollars per photo.  Wiley is still investigating the invoiced uses of

1    stock photographs based on over two hundred of Wiley's textbook titles alleged to include the

2    photographs to which the Plaintiff claims to own copyright.  Essentially, this case involves

3    aggregated copyright infringement claims by at least 34 different photographers and agencies,

4    spanning almost 15 years of Wiley's transactions with Minden.

5         Under the industry custom and practice, the alleged print overruns or alleged uses beyond

6    the stated invoice limits, if any, were not considered copyright infringement, but were ordinarily

7    dealt with as a matter of contract. Indeed, the terms and conditions on some or all of Minden's

8    invoices expressly set forth a price structure for additional uses above or in excess of the

9    limitations in the invoice.  Minden's alleged pre-litigation "offer[] to settle" was nothing more than

10   a demand that Wiley comb through its records of the past decade and disclose its uses of all of

11   Minden's invoiced photographs, without any evidence presented by Minden that it was entitled to

12   such a disclosure, that it actually owned any legally-cognizable copyright rights in the photographs,

13   or any other evidence that Wiley had in fact exceeded any applicable limits on its use of the

14   Minden-invoiced photographs.

15        **C.    Plaintiff's Statement of the Principal Factual Issues in Dispute**

16        Minden expects the factual dispute to focus on the extent to which Wiley exceeded the

17   permitted uses under the terms of the limited licenses granted by Minden.

18        **D.    Defendant's Statement of the Principal Factual Issues in Dispute**

19        Wiley anticipates that factual disputes will include whether Minden has satisfied the

20   express condition precedent to filing suit present in some or all of the invoices it has pleaded.  In

21   addition, factual disputes will focus on the actual terms of the parties' agreements, considering not

22   only the permissions requests from Wiley to Minden, the invoices provided by Minden in response

23   to such requests, and the parties' course of conduct, but also the industry custom and practice with

24   respect to licensing of stock photographs.  Wiley also anticipates that there will be factual

25   disagreement as to the value of the photographs at issue, the actual damages, if any, that may have

26   any nexus to the alleged claims, and Wiley's profits attributable to infringement, if any.

27

28

JOINT CASE MANAGEMENT STATEMENT                          CASE NO. C12-04601 EMC

Wiley also expects that there are factual issues concerning when Minden and the individual photographers first became aware that publishers, like Wiley, may have exceeded the invoice limitations upon which Minden now claims copyright infringement, and/or were on inquiry notice as to such potential exceeding of invoice limits.

Wiley further expects that there will be a dispute as to whether particular photographs, if any, were properly and timely registered with the U.S. Copyright Office, whether they are the same photographs as are pleaded in the Complaint, and whether the photographs, if any, are entitled to an election by Minden of statutory damages under the Copyright Act.

3. **Legal Issues**

   A. **Plaintiff's Statement of the Principal Legal Issues in Dispute**

   1. Whether Minden can establish copyright infringement by showing its ownership of valid copyrights and Wiley's unauthorized use of protected elements of the copyrighted material.[1]

   2. Whether Minden can establish that Wiley used Minden's photographs beyond the scope of license terms.[2]

   B. **Defendant's Statement of the Principal Legal Issues in Dispute**

   1. Whether Minden can establish proper copyright registration of the photographs it has pleaded as the basis for its copyright claims.  17 U.S.C. § 411(a).

   2. Whether the claims proffered by Minden are in actuality breach of contract claims that are not subject to any action for copyright infringement.[4]

---

[1] *Feist Publications, Inc., v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991); *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1442 (9th Cir. 1994); *Sun Microsystems, Inc. v. Microsoft Corp.*, 188 F.3d 1115, 1121 (9th Cir. 1999); 17 U.S.C. § 106(1) (copyright owner has the exclusive right to copy and to authorize copying of the work); 17 U.S.C. § 501(a) ("anyone who violates any of the exclusive rights of the copyright owner as provided by sections 106 . . . is an infringer of the copyright . . .").

[2] *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087 (9th Cir. 1989) ("A licensee infringes the owner's copyright if its use exceeds the scope of its license.").

[4] *Quest Software, Inc. v. DirecTV Operations, LLC*, No. SACV 09-1232 AG, 2011 WL 4500922, at *4

4

3.      Whether Minden has satisfied the condition precedent to filing suit as is set

forth in some or all of the invoices it has pleaded in the Complaint.[5]

4.      Whether any or all of Minden's claims are barred by the applicable statute of

limitations.  *See* 17 U.S.C. § 507(b).

5.      Whether any of all of Minden's claims are barred by the equitable doctrines

of laches or estoppel.

6.      Whether any use by Wiley of the photographs at issue beyond the parties'

agreement terms, if at all, was *de minimis* and not subject to the remedy

sought by Minden.

7.      Whether any use by Wiley of the photographs at issue beyond the parties'

agreement terms, if at all, was at worst negligent and not willful or

intentional.  17 U.S.C. §  504(c).

**4.    Motions**

Minden and Wiley both expect to file motions for partial summary judgment.

**5.    Amendment of Pleadings**

**A.**    Minden may seek leave to amend the Complaint to add a fraud count after obtaining

discovery.  Because Minden's ability to plead fraud depends on Wiley disclosing what it knew

about its intended uses at the time it secured limited-use licenses, Minden proposes that the Court

order that any motion for leave to amend shall be filed no later than 30 days after Wiley confirms it

has completed its responses to Minden's discovery requests pertinent to this issue.

**B**.    Wiley does not believe any leave to amend should be granted absent good cause due

to the procedural history of this case.  The court previously permitted Minden leave to file an

amended complaint through and until March 1, 2013, *see* Doc. No. 25, and it did not seek to do so.

---

(C.D. Cal. Sept. 26, 2011) (for a copyright infringement claim to lie "the licensor 'must demonstrate that the violated term [in the parties' contractual relationship] . . . is a condition rather than a covenant' under state contract law and federal copyright law." (quoting *MDY Indus., LLC v. Blizzard Entm't, Inc.*, 629 F.3d 928, 939 (9th Cir. 2011) (as amended on denial of reh'g)).

[5] *See Wu v. Pearson Educ., Inc.*, No. 09 Civ. 6557(RJH), 2010 WL 3791676 at *6 (S.D.N.Y. Sept. 29, 2010).

To the extent the Court will entertain a new deadline for leave to amend, Wiley proposes that the Court order that any motion for leave to amend shall be filed no later than January 25, 2016.

**6.   Evidence Preservation**

The parties have taken steps to preserve evidence relevant to the issues, including interdiction of any document destruction program and any ongoing erasures of e-mails and other electronically-recorded material.

**7.   Disclosures**

The initial disclosures pursuant to Federal Rule of Civil Procedure 26(a) were made on December 11, 2012.

**8.   Discovery**

The parties previously conducted a Rule 26(f) conference on November 26, 2012.  Both sides expect to propound initial discovery requests shortly.  The parties propose the following discovery plan:

**A.   Initial Disclosures Under Rule 26(a)**

The initial disclosures were made by December 11, 2012.

**B.   Stipulated Protective Order**

The parties have stipulated to a protective order, approved by the Court's March 5, 2013 Order (Document 30).

**C.   Number of Interrogatories Allowed**

**a.**   Minden will not to object to interrogatories seeking information pertaining to each of the copyright infringement claims in suit on the ground that they are compound.  If Wiley objects to interrogatories on that ground, Minden may need more interrogatories than the limit of 25 set forth in FRCP 33(a)(1).

**b.**   Wiley does not anticipate that either side will need more interrogatories than the limit of 25 set forth in FRCP 33(a)(1).

Both sides reserve the right to seek more interrogatories based on the course of discovery.

1

**D.      Depositions**

2

     **1.      Number of Depositions**

3

The parties do not anticipate the need for more than the 10 depositions per

4

side as permitted without leave of court under FRCP 30(a)(2)(A)(i). The

5

parties both reserve the right to seek a modification of this based on the

6

course of discovery.

7

     **2.      Length of Rule 30(b)(6) Depositions**

8

Each side expects to conduct a Rule 30(b)(6) deposition of the other side.

9

     **a.**      Minden proposes that the Court permit each side to conduct up to a

10

seven-hour deposition of each witness the other side designates in

11

response to a notice pursuant to FRCP 30(b)(6).

12

     **b.**      Wiley proposes that the FRCP 30(b)(6) deposition of the plaintiff be

13

extended up to fourteen hours, based on Wiley's counsel's

14

experience in prior cases involving stock photography agency

15

plaintiffs. [Per Doc. No. 25, Defendant may take a total of 14 hours

16

of deposition of Mr. Minden; defendant may allocate those hours

17

between 30(b)(6) and personal roles.]

18

**E.      Electronically Stored Information ("ESI") – FRCP 34(b)(D) and (E)**

19

The parties anticipate seeking discovery of ESI.  The parties agree to evaluate the

20

need for specific discovery procedures relating to requests for ESI discovery and

21

will work together in good faith to establish a mutually agreeable search protocol.

22

**F.      Proposed Dates for Completion of Discovery**

23

     **1.      Fact Discovery**

24

     **a.**      The parties propose 06/20/16 for completion of fact discovery.

25

     **b.**      Interrogatories, document requests and requests for admissions shall

26

be propounded no later than 40 days before the deadlines for

27

completion of discovery.  The parties agree that all interrogatories,

28

document requests and requests for admissions, and responses thereto, may be served by e-mail between counsel.

    **c.**    The modification of discovery deadlines may be necessary if additional claims are added.

    **2.**    **Expert Discovery**

The parties agree to a limitation on the number of experts of three per side. Each side reserves the right to seek a modification of this based on the course of discovery.

    **a.**    The parties propose 06/27/16 as the deadline for the parties to disclose the identity and reports of expert witnesses for the party having the burden of proof regarding an issue or claim.

    **b.**    The parties propose 07/27/16 as the deadline for the parties to disclose the identity and reports of rebuttal expert witnesses regarding an issue or claim.

    **c.**    The parties propose 08/19/16 as the deadline for completion of all expert discovery (including depositions).

**9.**    **Class Action**

This is not a class action.

**10.**    **Related Cases**

By Order dated July 26, 2013, 3:12-cv-04601-EMC is related to *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 3:13-cv-03246 EMC. The cases involve the same parties and claims. Upon reinstatement by this Court of 3:12-cv-04601-EMC, the parties agree to file a Stipulated Motion for Voluntary Dismissal in 3:13-cv-03246 EMC in the form attached hereto.

**11.**    **Relief**

    **A.**    Minden contends that it is entitled to a permanent injunction against Wiley and anyone working in concert with Wiley enjoining copying, displaying, distributing, selling or offering to sell Minden's photographs. Minden also contends that it is entitled to an award of

actual damages and all profits derived from the unauthorized use of its photographs or, where applicable and at Minden's election, statutory damages.

**B.** Wiley contends it is entitled to judgment in its favor on many, if not all, of Minden's claims for lack of valid copyright registration in some or all of the photos, and under the applicable statute of limitations. Further Wiley contends that Minden is not entitled to any damages beyond contract damages for use by Wiley, if any, of the photographs in excess of the parties' agreed upon and understood terms; to the extent Minden is entitled to any copyright damages, Minden is not entitled to any profits from the use by Wiley in excess of the terms because no such profits are attributable to the at-issue photographs. Wiley also contends it is entitled to a ruling that Minden is not entitled to elect statutory damages as to any or all of the photographs due to lack of timely registration under the Copyright Act, and to the extent any photographs are subject to a statutory damages election, the Court should rule Wiley's improper use, if any, was innocent or merely negligent and not willful and thus subject to the minimum amount of statutory damages available.

**12.** **Settlement and Alternative Dispute Resolution ("ADR")**

The above matter was referred to Magistrate Judge Nandor J. Vadas for settlement purposes, however no settlement conference has been held pending resolution of Wiley's challenge to Minden's standing.

Minden believes it would be appropriate to have a settlement conference at this time. Wiley does not believe an early settlement conference would be appropriate, and instead believes that such a conference would be more appropriate after the parties engage in and substantially complete discovery.

**13.** **Consent to Magistrate Judge for All Purposes**

All parties have not consented to have a magistrate judge conduct all further proceedings.

**14.** **Other References**

Minden does not believe this case is suitable for arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. C12-04601 EMC

Wiley believes that some or all of the claims at issue in this case may be suitable for arbitration.

**15.    Narrowing of Issues**

The parties do not have a proposal at this time for issues that can be narrowed by agreement, a suggestion regarding the presentation of evidence at trial, or a request to bifurcate issues, claims or defenses.

**16.    Expedited Schedule**

The parties do not have a proposal at this time for handling this case on an expedited basis with streamlined procedures.

**17.    Scheduling**

The parties' proposals for scheduling are as follows:

**A.    Proposed Dates for Completion of Discovery**

These dates are set forth in section 8(F) above.

**B.    Proposed Deadline for Filing of Dispositive Motions:  08/29/16.**

**C.    Proposed Date for Pretrial Conference:  10/26/16.**

**D.    Proposed Date for Trial:  11/14/16.**

**18.    Trial**

A jury trial has been demanded.  The right to a jury trial is not disputed.  Minden anticipates that the case will take six days to try; Wiley anticipates the case will take ten days to try.

**19.    Disclosure of Non-Party Interested Entities or Persons**

The parties have each filed a Certification of Non-Party Interested Entities or Persons pursuant to Civil Local Rule 3-16.

**20.    Other Matters That May Facilitate a Just, Speedy and Inexpensive Disposition**

The parties are not aware of any such matters at this time.

10

DATED:  November 10, 2015

Plaintiff Minden Pictures, Inc. by its attorneys,

s/ *Christopher Seidman*
Christopher Seidman (SBN 98884)
Harmon & Seidman LLC
101 South Third Street, Suite 265
Grand Junction, Colorado 81501
Tel:  (970) 245-9075
Fax:  (970) 245-8086
E-mail:  chris@harmonseidman.com

Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
Tel:  970-270-4718
E-mail:  alex@harmonseidman.com

DATED:  November 10, 2015

Defendant John Wiley & Sons Inc., by its attorneys,

s/ *Steven D. Zansberg*
Steven D. Zansberg (SBN 177528)
Christopher P. Beall (admitted *pro hac vice*)
Michael Beylkin (admitted *pro hac vice*)
Levine Sullivan Koch & Schulz, LLP
1888 Sherman Street, Suite 370
Denver,  Colorado 80203
Tel:  (303) 376-2400
Fax:  (303) 376-2401
E-mail:  szansberg@lskslaw.com
        cbeall@lskslaw.com
        mbeylkin@lskslaw.com

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. C12-04601 EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2015, I caused the foregoing JOINT CASE MANAGEMENT STATEMENT to be filed via the CM/ECF system, which will serve a Notice of Electronic Filing to all counsel of record, including the following:

Steven D. Zansberg
Christopher P. Beall
Michael Beylkin
Levine Sullivan Koch & Schulz, LLP
1888 Sherman Street, Suite 370
Denver,  Colorado 80203
Tel:  (303) 376-2400
Fax:  (303) 376-2401
E-mail:  szansberg@lskslaw.com
            cbeall@lskslaw.com
            mbeylkin@lskslaw.com

I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Executed on November 10, 2015.

s/ *Alex Rice Kerr*
Alex Rice Kerr (SBN 264821)
Harmon & Seidman LLC
PO Box 3097
Jackson, WY 83001
Tel:  970-270-4718
E-mail:  alex@harmonseidman.com

JOINT CASE MANAGEMENT STATEMENT                    CASE NO. C12-04601 EMC